

FILED

SEP 20 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 09-42649-C-7 |
| HARVEY P. MICKELSEN and STEPHANIE B. MICKELSEN, | BAP No. EC-11-1227 |
| Debtor(s). | |

### FINDINGS OF FACT ON LIMITED REMAND FROM BANKRUPTCY APPELLATE PANEL

The Bankruptcy Appellate Panel issued an order of limited remand on August 1, 2011, directing that the trial court make the factual determinations to answer the following questions:

> Specifically, on April 26, 2011, did appellant or his agent present a notice of appeal related to reconsideration of the court's January 10, 2011 order to the clerk's office for filing? If so, (i) what was presented at that time, and (ii) did the clerk reject the filing? If the clerk rejected the filing or any part of it, why was it rejected?

Order of Limited Remand, <u>Gjerde v. Dhawan (In re Mickelsen)</u>, No. EC-11-1227 (Aug. 1, 2011).

### Procedural History on Remand

The undersigned judge received a copy of the Order of Limited Remand on August 9, 2011, and issued an Order Setting Status Conference for August 31, 2011, that was filed August 10,



2011, and served by the Clerk on August 11, 2011, on which date the Clerk also noted on the docket the receipt of the Order of Limited Remand. The date of August 31, 2011, was selected because the court already had on calendar hearings on different motions under 11 U.S.C. § 329(b) being prosecuted by a chapter 13 trustee and by the U.S. trustee.

Mr. Gjerde did not personally appear at the status conference on August 31, 2011. Instead, attorney Thomas Johnson appeared on Gjerde's behalf, stating that he was limiting his appearance to the § 329(b) motions. Mr. Johnson is Gjerde's defense counsel in the criminal matter, <u>United States v. Samuel et al. [including Sean Patrick Gjerde]</u>, No. 2:10 CR 0223 JAM, U.S. Dist. Ct., E.D. Cal. (Indictment filed June 10, 2010). That ten-defendant indictment alleges multiple counts of False Statements in Mortgage Applications and of Mail Fraud, as well as Conspiracy and Forfeiture Allegations.

Gjerde's criminal defense counsel had nothing to say about the Order of Limited Remand but did ask for a stay of the separate § 329(b) proceedings until after Mr. Gjerde's criminal trial, expected to occur in February 2012.

This court set an evidentiary hearing on the Order of Limited Remand for September 8, 2011, which information Gjerde's criminal defense counsel promised to pass to Gjerde. The court took the movants' evidence in the various § 329(b) proceedings as the movants had appeared with witnesses for the trial as scheduled and, after a continuance to September 8, 2011,

exercised its discretion to stay the presentation of Gjerde's defense of the separate § 329(b) proceedings until after his criminal trial.

At the evidentiary hearing on September 8, 2011, Gjerde appeared and represented himself, accompanied by his criminal defense counsel, who did not participate (other than to coach Mr. Gjerde on how to offer a document in evidence). The U.S. trustee acted as Gjerde's opposing counsel.

Three witnesses testified: Sean Gjerde, the appellant; Shaun Smith, a paralegal associated with Gjerde; and Shelly Fritch, Division Manager, Office of the Clerk of Court, Eastern District of California.

Background

Relevant portions of the record must be noted in order to understand the factual dispute presented by the Order of Limited Remand.

This court entered an order requiring Gjerde to disgorge $2000.00 pursuant to 11 U.S.C. § 329(b) on October 5, 2010, to the debtors Harvey and Stephanie Mickelsen on a motion prosecuted by the new counsel they engaged after they suffered problems with Gjerde. That order was not appealed.

On November 3, 2010, the Mickelsens, through their successor counsel, filed a motion seeking to have Gjerde held in contempt. They provided evidence in the form of a letter from Gjerde asserting that this court's order was "not an order" and that he

- 3 -

was "going to ignore it."

At the hearing on November 23, 2010, Gjerde did not appear. This court issued an order requiring Gjerde to appear before the court on December 14, 2010, and explain why he had not complied with this court's § 329(b) order. In addition, this court announced that Gjerde would also be required to show cause why his electronic filing privileges should not be terminated.

Gjerde did not obey this court's show cause order to appear on December 14, 2010. Accordingly, after making findings of fact and conclusions of law, this court held Gjerde in contempt.

The Order of Contempt entered January 10, 2011 ("January 10 Order"), operated to revoke the electronic filing privileges of Gjerde, Northern California Law Center, and any attorney associated with the firm. It was further ordered that "No case may be filed in the Eastern District of California by Sean P. Gjerde, Northern California Law Center, or any attorney associated with Northern California Law Center without prior permission from the Chief Judge of this court." Order, Jan. 10, 2011.

On January 13, 2011, a letter from Gjerde was received in which he asked for reinstatement of his filing privileges.

On January 14, 2011, this court issued an Order Setting Hearing in which the letter received from Gjerde the previous day was deemed to be a motion for reconsideration, fixing a hearing for January 25, 2011, and directing that Gjerde and the counsel for debtors Mickelsen "shall appear in person. No telephone

Case 09-42649   Filed 09/20/11   Doc 173

appearance will be allowed." Order, Jan. 14, 2011.

Gjerde did not appear at the hearing on January 25, 2011. Counsel for the Mickelsens did appear, as did the U.S. trustee, who indicated that there were additional problems with Gjerde that had attracted the attention of the U.S. trustee, who indicated additional proceedings would ensue. This court continued the hearing until February 1, 2011.

Gjerde did appear in court on February 1, 2011, as did counsel for the Mickelsens and the U.S. trustee. No evidence was taken. Counsel for the Mickelsens stated her intent to file a request for compensation for the time and effort required to deal with Gjerde's refusal to comply with this court's § 329 order and the subsequent contempt and enforcement proceedings. The U.S. trustee indicated that the chapter 7 trustee would also be seeking sanctions against Gjerde for various problems he allegedly caused in the Mickelsen case and in another case. This court continued the hearing until April 5, 2011, in order to provide time for all interested parties to present all motions they deemed to be meritorious.

Counsel for the Mickelsens filed a motion on March 22, 2011, seeking compensation.

Chapter 7 trustee Prem Dhawan filed a declaration and exhibits on March 24, 2011, supporting the Mickelsens' position that Gjerde had omitted significant assets from the Mickelsens' schedules and created through incompetence numerous other problems in the case.

Case 09-42649    Filed 09/20/11    Doc 173

1 | Gjerde filed an opposition to the fee request on March 25,
2 | 2011, contending that the amount was unreasonable and that the
3 | services were unnecessary.
4 | On March 29, 2011, the U.S. trustee filed a declaration
5 | reviewing all seventy-seven cases filed by Gjerde and Northern
6 | California Law Center under chapters 7 and 13.  The U.S. trustee
7 | contended that there was a systematic pattern of problems in the
8 | cases.
9 | On March 30, 2011, standing Chapter 13 Trustee Jan Johnson
10 | filed a declaration in support of the sanctions motion in which
11 | he documented the problems in all seventeen chapter 13 cases
12 | assigned to him as one of the two standing Chapter 13 trustees in
13 | the Sacramento Division in which Gjerde was counsel of record,
14 | together with one case by a pro se debtor whose papers he
15 | suspected had been ghostwritten by Gjerde.
16 | Gjerde did not appear at the hearings on April 5, 2011, on
17 | his motion to reconsider the January 10 Order and on the separate
18 | motion for compensation of counsel for the Mickelsens.  It was
19 | reported at the hearing that Gjerde shortly before the hearing
20 | had tendered cashiers checks for the $2000.00 § 329(b) award to
21 | the Mickelsens and $3000.00 to their counsel.
22 | This court made findings of fact and conclusions of law
23 | orally on the record with respect to each of the motions based on
24 | the evidentiary record, and there being no objection to the
25 | consideration in evidence of declarations in lieu of in-court
26 | testimony.  This court denied Gjerde's motion to reconsider this

court's January 10 Order preventing him from filing new cases without prior permission of the Chief Judge and revoking his electronic filing privileges in all cases so that he must make paper filings with the court. Among other reasons, he did not even appear in prosecution of his motion. In addition, this court granted the separate fee motion.

The order on the fee motion was signed April 14, 2011, and entered on docket April 15, 2011. It was not appealed.

The order denying the motion for reconsideration of the January 10 Order was signed and entered April 18, 2011. It was the subject of Gjerde's May 9, 2011, "Notice of Appeal to the United States Court of Appeal[s] for the Ninth Circuit." As an appeal filed without being accompanied by a separate Statement of Election to have the appeal heard by the district court, it was routed to the Bankruptcy Appellate Panel of the Ninth Circuit, which dismissed the appeal as untimely filed seven days after the May 2, 2011, deadline for notice of appeal of an order entered April 18, 2011. Fed. R. Bankr. P. 8001.

Eleven days before filing his notice of appeal, Gjerde had filed, on April 28, 2011, a "Motion for Stay of Attorney Fee Award, Request to Have Online Access Reinstated Pending Appeal," setting a hearing on the court's self-set calendar for June 21, 2011. But no notice of appeal was pending at that time.

Gjerde did not appear at the hearing he had scheduled on June 21, 2011, in further prosecution of his April 28 motion. The U.S. trustee and counsel for the Mickelsens did appear.

1  Gjerde having absented himself on his own motion hearing, this
2  court denied Gjerde's motion and awarded counsel for the
3  Mickelsens $627.00 for appearing at the hearing on Gjerde's
4  motion.  The order was signed July 6, 2011, and entered on docket
5  July 8, 2011.  It was not appealed.

### Findings of Fact - General

8  The only witness called by Gjerde was Shaun Smith, who
9  testified that he is a paralegal who works with Gjerde and who
10 also works independently under the name, "Quality Law for Less,"
11 which is co-located with Gjerde's Northern California Law Center.
12 Smith testified on cross-examination that Smith and Gjerde
13 have been in a "personal relationship" [sic] for about five
14 years.

### Findings of Fact - April 26, 2011

17 Smith testified that Gjerde asked him to file a notice of
18 appeal of this court's order that was entered April 18, 2011,
19 that he did so, that he mailed it to the court on or about April
20 26, 2011, and that the clerk of court rejected it by return mail.
21 Smith testified that he did not preserve the supposed
22 communication from the clerk of court rejecting the notice of
23 appeal.
24 Smith testified that he did not personally come to the court
25 on April 26, 2011.
26 There was no testimony by Smith that Gjerde, who was the

- 8 -

person interrogating Smith on direct examination, himself came to the court on April 26, 2011.

When called to testify by the U.S. trustee, Gjerde testified that he did prepare and sign a notice of appeal sometime before May 6, 2011, that he directed Smith to file it, and that he "assumed" it would be mailed. He testified that he did not personally tender or send a notice of appeal to the clerk of the court for filing. Gjerde further testified that mail was received from the clerk of court rejecting the notice of appeal; he was not certain of the date and did not retain a copy of the supposed envelope or its contents.

Shelly Fritch testified that she is the Division Manager for the Office of the Clerk of Court, U.S. Bankruptcy Court, Eastern District of California. She has been in such position for more than twenty years and has worked in the bankruptcy clerk's office for more than thirty years.

Fritch testified that the policy of the clerk is to "accept everything" tendered for filing except as ordered by the court. If something is to be rejected, either the Division Manager or the Assistant Division Manager must personally approve such rejection. This approval policy applies to clerks at the front counter and to clerks who receive items mailed for filing.

Established clerk's office practice when a document received by mail is rejected is that the transmission of the return of the document, after approval for rejection is obtained, be accompanied by a so-called "send-back" memorandum, the existence

- 9 -

of which "send-back" memorandum is noted on the administrative docket that the clerk maintains in each case. This is done in the course of regularly conducted business activity, and it is the regular practice to make the "send-back" memorandum.

Fritch examined the docket records in the Mickelsen case and determined that there is no such record of a "send-back."

Fritch is aware of this court's January 10 Order regarding filings by Gjerde, Northern California Law Center, and attorneys associated with Northern California Law Center. She understands that order, and has so instructed all deputy clerks, to prohibit electronic filing in all cases, to require manual filing of papers in all pending cases, and to require prior approval by the Chief Judge of all petitions initiating new cases.

As the testimony is in conflict, the outcome turns on questions of credibility. The court believes the testimony of Shelly Fritch that no notice of appeal was received by mail by the clerk within fourteen days after April 18, 2011. The objective record is consistent with her testimony. There is no "send-back" memorandum in the administrative docket.

Also consistent with Fritch's testimony that Gjerde filings in pending cases were being accepted during the fourteen day period after April 18, 2011, is that the official docket of the case includes a filing made by or on behalf of Gjerde on April 28, 2011, styled as "Motion for Stay of Attorney Fee Award, Request to Have Online Access Reinstated Pending Appeal," setting a hearing on the court's self-set calendar for June 21, 2011.

1  The regularity of the official docket entry indicates that this
2  motion was accepted in the ordinary course and was set for
3  hearing in the ordinary course of this court's self-set calendar
4  under local rules.  Since Smith testified that he did not come to
5  the court personally to file anything for Gjerde on April 28,
6  2011, it appears that the April 28 motion was received by mail.

7      Although the April 28 motion sought a stay pending appeal,
8  it was not a notice of appeal and, upon review, cannot fairly be
9  construed from its language as a notice of appeal.  It is not
10 uncommon for a party in federal litigation to request a stay
11 pending appeal without having filed a notice of appeal and then
12 later to elect to refrain from filing a notice of appeal.

13     Also consistent with Fritch's testimony, the record reflects
14 that when a notice of appeal was actually received by the clerk
15 of court on May 9, 2011, it was filed without incident.

16     In contrast, the court does not believe the testimony of
17 Shaun Smith that he mailed a notice of appeal to the clerk of
18 court on or about April 26, 2011, or at any other time between
19 April 18 and May 2, 2011.

20     Smith's demeanor while testifying on the witness stand did
21 not inspire confidence in his credibility.  This trier of fact
22 concludes that he was not telling the truth.  He did not produce
23 any record of a notice of appeal having been made.  There was no
24 proffer of a letter of transmittal.  Although he testified that
25 he received the supposedly rejected notice of appeal in the mail,
26 he said that he did not preserve the returned mail.

1  It is not credible that a person holding himself out as a
2  paralegal providing "Quality Law" legal services would not
3  preserve return mail from a clerk of court rejecting a filing of
4  an important legal document. Rather, this trier of fact believes
5  that the truth is that there never was any such rejection of a
6  notice of appeal.
7  This conclusion is confirmed by Mr. Smith's own testimony
8  about a transaction with Fritch on May 6, 2011, in which she
9  declined to accept petitions commencing new cases because the
10  Chief Judge had not authorized the filings. As will be seen in
11  the next section, Smith carefully preserved and produced at the
12  hearing the paper that Fritch handed him with her initials and
13  date.
14  Nor does the court believe the testimony of Gjerde that he
15  received the putative communication from the clerk of court
16  allegedly rejecting his notice of appeal but did not retain a
17  copy of the "send-back" memorandum or of the envelope received in
18  the mail. First, his evasive demeanor warrants disbelieving his
19  testimony. More important, it is not credible that a member of
20  the bar in the private practice of law, who must know the
21  significance of a timely notice of appeal, would receive a
22  rejected notice of appeal, shrug his shoulders, and do nothing.
23  Rather, this trier of fact believes that the truth is that there
24  never was any such rejection of a notice of appeal and that
25  Gjerde was not being truthful.
26  In sum, with respect to the narrowest form of the questions

posited by the Order of Limited Remand:

<u>Question</u>: On April 26, 2011, did appellant or his agent present a notice of appeal related to reconsideration of the court's January 10, 2011 order to the clerk's office for filing?

<u>Answer</u>: No.

<u>Question</u>: If so, what was presented at that time?

<u>Answer</u>: Not so. Nothing was presented at that time.

<u>Question</u>: If so, did the clerk reject the filing?

<u>Answer</u>: Not so. The clerk did not reject the filing.

<u>Question</u>: If the clerk rejected the filing or any part of it, why was it rejected?

<u>Answer</u>: The clerk did not reject a filing of a notice of appeal or any part thereof.

<u>Findings of Fact - May 6, 2011</u>

Shaun Smith testified that on May 6, 2011, he did come to the clerk's office in the Sacramento courthouse for the purposes of presenting a check in payment of past-due filing fees, filing Gjerde's notice of appeal, and filing some other papers. He testified that the intake clerk at the front counter refused to accept the notice of appeal and that a supervisor was summoned.

Shelly Fritch testified that on that day she was called to the front counter by the intake clerk because Smith was attempting to file new cases that appeared to violate this court's January 10 Order, a copy of which Fritch had caused to be posted at the intake counter.

Fritch testified that she understood this court's January 10 Order to require prior permission of the Chief Judge for filing any new case and to bar electronic filings, but not to bar manual filings in person or by mail in any pending case.

She testified that she was handed the papers that Smith was attempting to file and examined them, determining that the papers included a petition that already had a file stamp label on it, which indicated to her that it was an attempt to re-file a dismissed case. The papers did not include anything that was on pleading paper. If there had been something being presented in an existing case, she would have accepted it, but there was no such paper.

She further testified that she showed Smith a copy of this court's January 10 Order and told him that he was welcome to return later in the day with an application addressed to the Chief Judge requesting permission to file a new case. She gave him a copy of this order and initialed it and dated it. That copy was admitted in evidence by Gjerde.

On cross-examination by Gjerde, she testified that during the thirty years she has worked in the office of the clerk of court, she has learned to recognize a notice of appeal and understands its importance. She flipped through the papers when she was handed them by Smith and remains confident that they did not include anything on pleading paper and, in particular, did not include a notice of appeal.

This court believes the testimony of Fritch that no notice

of appeal was handed to her by Smith on May 6, 2011. This court does not believe the testimony of Smith to the contrary.

Accordingly, this court finds as fact that the papers presented by Smith for filing on May 6, 2011, and rejected by the clerk of court were petition papers within the new case prohibition of this court's January 10 Order, the filing of which would require permission from the Chief Judge.

In any event, May 6, 2011, was more than fourteen days after April 18, 2011.

## Conclusion

With respect to the questions posited by the Order of Limited Remand:

<u>Question</u>: On April 26, 2011, did appellant or his agent present a notice of appeal related to reconsideration of the court's January 10, 2011 order to the clerk's office for filing?

<u>Answer</u>: No. No notice of appeal was presented for filing by Gjerde or his agent Smith by mail or otherwise on or about April 26, 2011, or at any time before May 9, 2011.

<u>Question</u>: If so, what was presented at that time?

<u>Answer</u>: Not so. Nothing was presented at that time. On April 28, 2011, there was presented by mail and filed Sean Gjerde's "Motion for Stay of Attorney Fee Award, Request to Have Online Access Reinstated Pending Appeal." That document does not purport to constitute a notice of appeal.

<u>Question</u>: If so, did the clerk reject the filing?

- 15 -

Answer: Not so.  The clerk did not reject the filing of a notice of appeal then or at any other time.  The clerk accepted the April 28, 2011, filing of the "Motion for Stay of Attorney Fee Award, Request to Have Online Access Reinstated Pending Appeal" and did not reject any filing until May 6, 2011, when the clerk rejected a petition commencing a case because the Chief Judge had not granted permission to file the case.  No notice of appeal was presented on May 6, 2011.  On May 9, 2011, the clerk accepted for filing Gjerde's notice of appeal.

Question: If the clerk rejected the filing or any part of it, why was it rejected?

Answer: The clerk did not reject a filing of a notice of appeal or any part thereof.

IT IS ORDERED that the Clerk of Court shall enter these findings of fact on the docket of this case and shall immediately thereafter transmit these findings of fact to the Bankruptcy Appellate Panel.

Dated:  September 19, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Candy Dahl Goldman
2304 N St
Sacramento CA 95816-5716

Sean Gjerde
8880 Elk Grove Blvd #A
Elk Grove CA 95624

Prem N. Dhawan
PO Box 965
Benicia CA 94510

Mariam S. Marshall
350 Frank H Ogawa Plaza #603
Oakland CA 94612

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500

Dated: 9/20/11

_____
DEPUTY CLERK